## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

KUMON NORTH AMERICA, INC.,    )
    )
    Plaintiff,    )
    )
v.    )    Case No.
    )
DEMETRIO TIMBAN,    )
    )
    Defendant.    )

### COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Kumon North America, Inc. ("Kumon"), by its attorneys, and as and for its Complaint against defendant Demetrio Timban ("Timban"), states as follows:

### INTRODUCTION

1.    This action arises out of the termination of a written franchise agreement between Kumon North America, Inc., as franchisor, and defendant to establish and operate an educational enrichment center in Medford, New Jersey.  After defendant breached the agreement by repeatedly failing to pay royalty fees and then failing to cure those defaults after having received written notice thereof, Kumon terminated the franchise agreement for cause.

2.    Despite termination of the franchise agreement, defendant continues to (a) unlawfully use Kumon's name and marks in operating a competitive learning center at the same location as his formerly franchised Kumon center, and (b) hold his learning center out to the public as an authentic Kumon center, which it is not.

3.    By this action, Kumon seeks (a) preliminary and permanent injunctive relief enjoining defendant's trademark infringement and unfair competition, and ordering defendant to perform his post-termination obligations under the franchise agreement, including his

noncompetition covenant, (b) recovery of the amounts owed to it by defendant, the damages it has sustained by reason of defendant's breaches and the termination of the franchise agreement, and (c) an award of the attorneys' fees and costs incurred by Kumon, as provided for in the franchise agreement.

**PARTIES**

4.     Plaintiff Kumon is a Delaware corporation with its principal place of business in Teaneck, New Jersey.

5.     Defendant Timban is a citizen and resident of the State of New Jersey.

**JURISDICTION AND VENUE**

6.     The Court has original subject matter jurisdiction of this civil action under 28 U.S.C. §§ 1331, 1338 and 1367, in that this is a civil action involving claims arising under the laws of the United States, including an Act of Congress relating to trademarks, and wherein all other claims are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy.

7.     Venue is proper in this judicial district under 28 U.S.C. § 1391, in that defendant resides in this judicial district, a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district, and this action arises under the franchise agreement between Kumon and defendant in which defendant expressly agreed and consented to the jurisdiction and venue of this court.

**FACTUAL BACKGROUND**

8.     Kumon is engaged in the highly-competitive business of providing supplemental educational enrichment instruction services through math and reading programs to children throughout this judicial district, the State of New Jersey, and the United States.

2

9. Kumon's services are provided through authorized Kumon franchisees who operate Kumon Math & Reading Centers pursuant to written franchise agreements with Kumon.

10. Kumon licenses its authorized franchisees' use of the Kumon name and marks, as well as their use of Kumon's proprietary math and reading programs (the "Kumon Method"), but only in such manner and locations as are expressly authorized by Kumon in the franchise agreements.

### The Kumon Name and Marks

11. To identify the source, origin, and sponsorship of Kumon's products and services, and to distinguish those products and services from those established, made, offered, and sold by others, Kumon and its authorized franchisees have extensively used certain trademarks, service marks, trade names, logos, emblems, commercial symbols, and indicia of origin, including but not limited to the "Kumon" mark and related marks (the "Kumon Marks"), in connection with the operation of authorized Kumon Math & Reading Centers.

12. The Kumon Marks are owned by Kumon, and are licensed to authorized Kumon franchisees for use solely in connection with their operation of franchised Kumon Math & Reading Centers operated pursuant to written franchise agreements with Kumon.

13. The Kumon Marks are registered on the Principal Register of the United States Patent and Trademark Office. The registration of the Kumon Marks continues in full force and effect.

14. Kumon has given notice to the public of the registration of the Kumon Marks as provided in 15 U.S.C. § 1111 and complies with all legal requirements to ensure that it and its authorized franchisees remain the exclusive users of the Kumon Marks.

15.     Kumon and its authorized franchisees have continuously used the Kumon Marks in interstate commerce in connection with the operation of Kumon Math & Reading Centers and the promotion, offer, and sale of the products and services they offer throughout the United States, since the date of the Kumon Marks' registration.

16.     Kumon and its authorized franchisees have extensively advertised and promoted the Kumon Marks and the products and services offered in association with those marks throughout the United States and through various media.  As a result of such efforts and the substantial amounts spent in connection therewith, the products and services offered at Kumon Math & Reading Centers under the Kumon Marks have met with widespread public approval and have established demand and goodwill among consumers throughout the United States (and internationally).

## Defendant's Franchise Agreement

17.     On November 19, 2009, defendant entered into a written franchise agreement with Kumon pursuant to which Kumon granted him a limited license to establish and operate a franchised Kumon Math & Reading Center in Medford, New Jersey for a five-year term (the "Franchise Agreement").  A true and correct copy of the Franchise Agreement is attached hereto as Exhibit A.

18.     Defendant operated his franchised Kumon Math & Reading Center at Medford Plaza, 128 Route 70 #4, Medford, New Jersey, 08055 (the "Kumon Center").  Defendant enjoyed the full and complete benefit of the franchise granted to him under the Franchise Agreement.

19.     Kumon at all times fully performed all of its obligations under the Franchise Agreement.

**Defendant's Breaches and Termination of the Franchise Agreement**

20.     Under the Franchise Agreement, defendant specifically acknowledged and agreed, among other things, that he would pay to Kumon a monthly royalty fee.   The Franchise Agreement expressly provides for termination in the event defendant failed to pay his royalty fees or make any payment of money due to Kumon.

21.     No fewer than ten times since entering into the Franchise Agreement in 2009, defendant failed to timely pay amounts due and owing to Kumon under the Franchise Agreement.

22.     When defendant failed to pay royalties for December 2011, Kumon notified him in writing that he was in default of the Franchise Agreement for failure to pay royalties due and owing and that he had 30 days to cure his default.   The notice informed defendant that if he failed to cure, then Kumon would terminate the Franchise Agreement for cause.

23.     Notwithstanding his obligations under the Franchise Agreement and the written notice of default served on him, defendant breached the Franchise Agreement again shortly thereafter by again failing to pay monthly royalties.

24.     Accordingly, by written notice dated August 3, 2012, Kumon exercised its express right to terminate the Franchise Agreement pursuant to Section 15.1(i) based on defendant's repeated failure to pay royalties after previously being provided an opportunity to cure.

25.     Section 15.1(i) of the Franchise Agreement specifically authorizes Kumon to terminate "immediately upon notice to [defendant] if . . . [defendant] repeat[s] a default listed in 15.2 after being provided an opportunity to cure the first time," and Section 15.2 includes as such default the failure to "make any payment of money that is due to [Kumon]."

5

26.     Notwithstanding the August 3, 2012 termination notice, Kumon offered defendant the opportunity to sell his franchised Kumon Center to an acceptable purchaser by November 30, 2012 and stayed the termination until December 31, 2012.

27.     In an attempt to serve the best interests of the students enrolled at the Kumon Center, and at defendant's request, Kumon subsequently granted defendant several extensions for him to secure an acceptable purchaser for his former franchised Kumon Center.

28.     Despite the extensions, defendant failed to present a viable purchaser for the Kumon Center.

29.     Indeed, defendant refused to negotiate in good faith for the sale of the Kumon Center by even failing to provide potential buyers with critical financial information.

30.     Accordingly, by written notice dated February 28, 2013, Kumon notified defendant that no further extension would be allowed and that the Franchise Agreement's termination would take effect on April 30, 2013.  The notice also informed defendant that he was obligated to close his Kumon Center and cease all activities as a Kumon franchisee by that date. The February 28, 2013 notice reminded defendant of his post-termination obligations under the Franchise Agreement, including his obligations to cease operating and to de-identify his former Kumon Center of all of the Kumon Marks; to cease using Kumon's Marks, trade secrets and confidential information; and to abide by his non-competition and non-solicitation obligations.

31.     On April 26, 2013, just days before the termination and closure of the Kumon Center were to take effect, defendant sued Kumon to enjoin termination in New Jersey state court.  Kumon stipulated to stay the termination until the court had an opportunity to consider defendant's motion for preliminary injunction, which sought an order permitting him to continue to operate his Kumon Center.  On July 12, 2013, the court denied defendant's motion.

### Defendant's Post-Termination Obligations

32.     Defendant agreed to certain post-termination obligations under his Franchise Agreement with Kumon.

33.     Defendant specifically acknowledged and agreed that as a Kumon franchisee, he would receive, and he in fact received, Kumon's trade secrets and confidential information, including, but not limited to, Kumon's application forms, placement tests, achievement tests, solution books, curriculum worksheets, student record books, and progress charts (the "Kumon Materials"); and Kumon's know-how and confidential, proprietary information, including Kumon's proprietary computer software programs and information regarding students enrolled at the Kumon Center ("Kumon Know-How").  Defendant agreed not to use or disclose Kumon's trade secrets and confidential information other than as permitted under the Franchise Agreement.

34.     During the course of and within the scope of his relationship with Kumon, defendant was entrusted with trade secrets and confidential information of Kumon that was not available or accessible to, or known or ascertainable by, competitors of Kumon.

35.     The trade secrets and confidential information entrusted to defendant in his capacity as a Kumon franchisee afforded him a competitive advantage over his competitors.

36.     The trade secrets and confidential information are critical to Kumon's and its authorized franchisees' ability to maintain their competitive advantage in the supplemental educational enrichment instruction business.

37.     Kumon and its authorized franchisees would be at a substantial competitive disadvantage if the Kumon trade secrets and confidential information known by defendant were to be used by a competitor or by defendant in the operation of a competitive business.

38.     Under the Franchise Agreement, defendant also agreed that he would use the Kumon Marks solely in accordance with the terms of that agreement and that any unauthorized use of the Kumon Marks constitutes grounds for immediate termination of the Franchise Agreement.

39.     In order to induce Kumon to grant him a franchise, defendant further agreed that, for one year following termination of the Franchise Agreement, he would not, directly or indirectly, have any interest in the ownership or operation of any business that offers to children in high school or younger any academic instruction, self-guided instruction, tutoring, test preparation, or other supplemental education services that are the same as, similar to, or competitive with those offered by Kumon at any location within a twenty-mile radius of the Kumon Center franchised to defendant or any other franchised or company-owned Kumon Math & Reading Center.

40.     Defendant also agreed that, for two years following termination of the Franchise Agreement, he would not, directly or indirectly, solicit any students or parents of any students enrolled at any Kumon Math & Reading Center for the purpose of enrolling such customers in any business that offers to children in high school or younger any academic instruction, self-guided instruction, tutoring, test preparation, or other supplemental education services that are the same as, similar to, or competitive with those offered by Kumon.

41.     Defendant agreed that in the event that he violated his non-disclosure and non-competition obligations under the Franchise Agreement, injunctive relief would be appropriate to enjoin any further violations.

42.     In addition, defendant agreed that upon termination of the Franchise Agreement he would immediately cease to operate and de-identify his former franchised location as being or

having been associated with Kumon; cease any and all use of the Kumon Marks and all other Kumon trade secrets and confidential information; return all Kumon Materials to Kumon; delete Kumon's proprietary computer software programs from his computer; return Kumon student record or enrollment databases or lists to Kumon; assign to Kumon all telephone and other directory listings, domain names, and e-mail addresses defendant used in connection with his former franchised Kumon Center; notify all customers of the Kumon Center that he is no longer a Kumon-authorized franchisee and therefore he is not licensed to use the Kumon Marks; and pay all amounts owed to Kumon.

43.    The Franchise Agreement provides that if Kumon is the prevailing party in any legal proceeding related to the Franchise Agreement, then Kumon shall recover its costs and expenses, including attorneys' fees, incurred in connection with such proceeding.

### Defendant's Failure to Comply With His Post-Termination Obligations

44.    After termination of the Franchise Agreement, defendant failed to comply and continues to fail to comply with his post-termination obligations, including the covenant not to compete.

45.    In plain violation of his Franchise Agreement, defendant continues to operate an unauthorized learning center at the same location as his former franchised Kumon Center, using the same telephone numbers associated with his former Kumon Center, and using the Kumon Marks, trade secrets and confidential information in connection therewith, falsely holding his learning center out to the public as an authorized and authentic Kumon Math & Reading Center when it is not.

46.    Defendant also refuses to perform or to comply with his post-termination covenants against competition and solicitation under the Franchise Agreement.    Instead,

defendant continues to operate a competing business at the same location as his formerly franchised Kumon Center, to offer products and services that are identical to those offered by Kumon at the formerly franchised center, and to continue to use Kumon's Marks and trade secrets and confidential information in connection with the operation of his competitive business.

47.     Defendant continues to trade off Kumon's goodwill in connection with the operation of his competitive business without Kumon's authorization and despite termination of the Franchise Agreement for cause.

48.     Defendant continues to hold himself out as an authorized Kumon Center when in fact he is not.  Although he is required under the Franchise Agreement to notify all customers of his former franchised Kumon Center that he is no longer a Kumon-authorized franchisee and therefore he is not licensed to use the Kumon name and Marks, defendant continues to hold himself out to the public as a Kumon franchisee and continues to charge tuition to parents of students enrolled in his former franchised Kumon Center.

49.     Kumon is receiving complaints from various concerned customers of defendant's formerly franchised Kumon Center.

50.     The telephone number associated with the formerly franchised Kumon Center is listed in the telephone book and in online directories as a Kumon Math & Reading Center.

51.     Despite his post-termination obligations, defendant has failed to assign to Kumon the telephone number associated with his formerly franchised Kumon Center.  Defendant continues to use this number to improperly compete with Kumon and its authorized franchisees.

52.     Defendant also continues to use Kumon's trade secrets and confidential information in connection with the operation of his competitive business.

53.     Defendant has also failed to pay Kumon the royalties it was owed under the Franchise Agreement since June 2013.

54.     Kumon, both directly and through counsel, has demanded that defendant honor his contractual commitments, but defendant has failed to and refuses to comply with his post-termination obligations under his Franchise Agreement.

## COUNT I - TRADEMARK INFRINGEMENT

55.     Kumon repeats and realleges ¶¶ 1 through 54 of its Complaint as and for this ¶ 55, as if fully set forth herein.

56.     Defendant's acts, practices, and conduct constitute an infringing use in interstate commerce of the Kumon Marks, and are likely to cause consumer confusion or mistake and deceive the public in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

57.     Defendant's acts were, and continue to be, knowing and willful.

58.     As a direct and proximate result of defendant's infringement, Kumon has been and will continue to be substantially injured in its business, including its business reputation and goodwill associated with the Kumon Marks, resulting in lost revenues and profits, and diminished goodwill.

59.     Kumon has no adequate remedy at law because the Kumon Marks are unique and represent to the public the Kumon identity, reputation, and goodwill, such that damages alone cannot fully compensate Kumon for defendant's misconduct.

60.     Unless enjoined by the Court, defendant will continue to use and to infringe the Kumon Marks to Kumon's irreparable injury.  This threat of future injury to Kumon's business, identity, goodwill, and reputation requires injunctive relief to prevent defendant's continued use of the Kumon Marks, and to ameliorate and mitigate Kumon's injuries.

## COUNT II - UNFAIR COMPETITION

61.     Kumon repeats and realleges ¶¶ 1 through 60 of its Complaint as and for this ¶ 61, as if fully set forth herein.

62.     Defendant's acts, practices, and conduct constitute unfair competition, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristic, qualities, or geographic origin of the parties' goods, services and commercial activities, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63.     Defendant's acts were, and continue to be, knowing and willful.

64.     As a direct and proximate result of defendant's unfair competition, Kumon has been and will continue to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

65.     Kumon has no adequate remedy at law because the Kumon Marks are unique and represent to the public the Kumon identity, reputation, and goodwill, such that damages alone cannot fully compensate Kumon for defendant's misconduct.

66.     Unless enjoined by the Court, defendant will continue to compete unfairly with Kumon to Kumon's irreparable injury.   This threat of future injury to Kumon's business, identity, goodwill, and reputation requires injunctive relief to prevent defendant's continued unfair competition, and to ameliorate and mitigate its injuries.

## COUNT III - BREACH OF CONTRACT – SPECIFIC PERFORMANCE

67.     Kumon repeats and realleges ¶¶ 1 through 66 of its Complaint as and for this ¶ 67, as if fully set forth herein.

68.     Defendant's failure and refusal to comply with his post-termination obligations under the Franchise Agreement, including his obligations under the noncompetition covenants; the obligation to de-identify the Kumon Center; the obligation to cease all use of the Kumon Marks; the obligation to return the Kumon Materials to Kumon; the obligation to cease all use of the Kumon Material, Know-How, and any other confidential and proprietary Kumon information; the duty to assign the telephone number associated with the franchised center to Kumon; the duty to pay all amounts due to Kumon; and the duty to notify all customers of his former franchised Kumon Center that he is no longer a Kumon-authorized franchisee and therefore he is not licensed to use the Kumon name and Marks, constitute material breaches of the Franchise Agreement.

69.     As a result of defendant's continuing breaches, Kumon has suffered and will continue to suffer actual, substantial, and irreparable harm, including but not limited to loss of customer goodwill and loyalty, franchise system instability, the inability to refranchise the territory formerly serviced by defendant's franchised Kumon Center, lost profits, diminution in the value of its proprietary and confidential information, and loss of competitive advantage, among other things.

70.     Further, Kumon has been and will be irreparably harmed by defendant's actions, and monetary damages are an insufficient remedy in that they cannot fully and adequately compensate Kumon for the continuing damage to the value of Kumon's goodwill, reputation, proprietary and confidential information, and its inability to refranchise the territory, all of which are caused by defendant's ongoing breaches.

71.     Absent injunctive relief enjoining his misconduct and ordering specific performance of his post-termination obligations, defendant's breaches will continue.

## COUNT IV – BREACH OF CONTRACT – DAMAGES

72.     Kumon repeats and realleges ¶¶ 1 through 71 of its Complaint as and for this ¶ 72, as if fully set forth herein.

73.     Defendant's conduct constitutes material breaches of the Franchise Agreement.

74.     As a direct and proximate result of defendant's material breaches and the resulting termination of the Franchise Agreement, Kumon has been damaged in amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Kumon respectfully prays for the following relief against defendant as follows:

A.     A temporary restraining order and preliminary and permanent injunction enjoining defendant and his respective agents, servants and employees, and those people in active concert or participation with him from:

1.     Continuing to operate the Kumon Center;

2.     Using the Kumon Marks, or any trademark, service mark, logo, or trade name that is confusingly similar to the Kumon Marks;

3.     Otherwise infringing the Kumon Marks or using any similar designation, alone or in combination with any other components;

4.     Passing off any products or services as those of Kumon's authorized franchisees;

5.     Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of their business, products, or services;

14

6.     Causing a likelihood of confusion or misunderstanding as to their affiliation, connection or association with Kumon or Kumon's franchisees, or with any of its products or services; and

7.     Unfairly competing with Kumon or Kumon's franchisees, in any manner;

B.     A temporary restraining order and preliminary and permanent injunction directing defendant and his respective agents, servants and employees, and those people in active concert or participation with him, to fully perform his post-termination obligations, including, without limitation, his obligations under his noncompetition covenant; his obligation to cease using and to immediately return any of Kumon's trade secrets and confidential information; and his obligation to assign the telephone number used in operation of his former franchised Kumon Center to Kumon;

C.     An order pursuant to 15 U.S.C. § 1118 that all labels, signs, prints, packages, wrappers, receptacles, logo items, and advertisements in the possession of defendant, his agents, servants and employees, and any person in active concert or participation with him, bearing any of the Kumon Marks, and all plates, molds, and other means of making the same, if any, be delivered to Kumon at defendant's cost;

D.     An order that defendant files with the Court and serves upon Kumon's counsel within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which he has complied with such injunction or order;

E.    An order that defendant accounts and pays over to Kumon all gains, profits and advantages derived by him as a result of his infringement of the Kumon Marks and unfair competition to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117;

F.    An order that defendant pays to Kumon such damages as Kumon has sustained by reason of defendant's trademark infringement and unfair competition, and that, because of the willful nature of said infringement, the Court enter judgment for Kumon in an amount equal to three times the amount of said damages, pursuant to Section 35 of the Lanham Act, 15 U.S.C. 1117;

G.    An order that defendant pays to Kumon such damages as it has sustained by reason of defendant's breach of contract;

H.    An award of the costs and expenses, including reasonable attorneys' fees and costs, incurred by Kumon in connection with this action;

I.    Judgment in favor of Kumon and against defendant in amounts to be proven at trial; and

J.    Such other and further relief as the Court deems just and proper.

Dated: August 9, 2013

Respectfully submitted,

KUMON NORTH AMERICA INC.

By: /s/ Patrick J. Greene, Jr.
Patrick J. Greene, Jr.
PECKAR & ABRAMSON, P.C.
A Professional Corporation
70 Grand Avenue
River Edge, New Jersey 07661
Tel: (201) 343-3434
Fax: (201) 343-6306
pgreene@pecklaw.com

-and-

Fredric A. Cohen
Marlén Cortez Morris
CHENG COHEN LLC
311 North Aberdeen Street, Suite 400
Chicago, Illinois 60607
Tel: (312) 243-1701
Fax: (312) 277-3961
fredric.cohen@chengcohen.com
marlen.cortez@chengcohen.com

*Attorneys for Plaintiff*
*Kumon North America, Inc.*